(December 29, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GRAHAM, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 8, 1984, upon a verdict convicting defendant of the crimes of attempted arson in the second degree and aggravated harassment in the second degree.

This appeal arises out of defendant's conviction, after a jury trial, of the crimes of attempted arson in the second degree

and aggravated harassment in the second degree. The arson charge was based on defendant having allegedly attempted to set fire to his estranged wife's automobile by placing bottles filled with gasoline on top of the car's muffler, behind a tire and on the exhaust system. The bottles were removed before any damage was done. The harassment charge involved conversations between defendant and his wife wherein he allegedly telephoned her threatening, *inter alia,* to kill her.

Defendant initially argues that a tape recording of damaging conversations allegedly between defendant and his wife was improperly admitted into evidence at his trial. We find this contention to be without merit. The record demonstrates the necessary foundation for the admission of the questioned tape into evidence. The identity of the parties, the accuracy of the reproduction of the conversation, and the fact that the tapes have not been altered and are genuine in all respects was clearly established *(see, People v Ely,* 68 NY2d 520; *People v McGee,* 49 NY2d 48, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Arena,* 48 NY2d 944, 945), in spite of the obvious hostility of the victim as a witness at the time of trial *(see, People v Lynes,* 49 NY2d 286, 291).

We also reject defendant's claim of insufficient evidence to support a conviction of the crimes for which he was charged *(see,* Penal Law § 240.30 [1]; § 110.00; *People v Bracey,* 41 NY2d 296, 300). Other issues raised by defendant are equally without merit, including his objection to County Court's instruction on circumstantial evidence.

Judgment affirmed. Kane, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.